UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| AFTERSCHOOL FOR CHILDREN AND TEENS NOW (ACT NOW) COALITION and METROPOLITAN FAMILY SERVICES<br><br>Plaintiffs,<br><br>v.<br><br>U.S. DEPARTMENT OF EDUCATION and LINDA McMAHON, in her official capacity as Secretary, U.S. Department of Education,<br><br>Defendants. | Case No. 25-cv-15704 |

**PROPOSED TEMPORARY RESTRAINING ORDER**

Upon consideration of Plaintiffs' Motion for a Temporary Restraining Order, the supporting memorandum of law and declarations, and the entire record before the Court, the Court finds as follows:

1. The Court has subject-matter jurisdiction over this action and personal jurisdiction over the parties.

2. Plaintiffs have demonstrated a likelihood of success on the merits of its claims that Defendants' issuance and enforcement of the Notices of Non-Continuation violate the Administrative Procedure Act and the United States Constitution.

3. Plaintiffs have demonstrated that it will suffer immediate and irreparable harm absent temporary injunctive relief, including the forced cessation of grant-funded services, the loss of employment, the dismantling of statewide program infrastructure, and harm that cannot be remedied through post hoc monetary relief.

1

4. The balance of equities tips sharply in Plaintiffs' favor, and the issuance of temporary injunctive relief serves the public interest by preserving federally funded educational services pending judicial review.

5. Immediate and temporary relief is necessary to preserve the status quo and prevent irreparable harm before a hearing on Plaintiffs' motion for a preliminary injunction can be held.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiffs' Motion for a Temporary Restraining Order is GRANTED.

2. Defendants, their officers, agents, servants, employees, and all persons acting in concert with them are TEMPORARILY RESTRAINED AND ENJOINED from enforcing, implementing, or giving effect to the Notices of Non-Continuation issued to Plaintiffs or any similarly situated grantees regarding their Full-Service Community Schools grants.

3. Defendants are ORDERED to maintain the status quo by continuing the availability of federal funds for Plaintiffs' existing FSCS grants, and for the FSCS grants for all similarly situated grantees, and by refraining from taking any action that would cause those funds to lapse, expire, be deobligated, or otherwise become unavailable during the pendency of this Temporary Restraining Order.

4. Defendants are FURTHER ORDERED to provide such administrative relief as is necessary, including the granting of a no-cost extension or equivalent mechanism, to preserve Plaintiffs' access, and the access of all similarly situated grantees, to continuation funding pending further order of the Court.

5.     Defendants are ENJOINED from initiating or continuing any grant closeout, suspension, termination, or reallocation actions with respect to the challenged FSCS grants during the pendency of this Temporary Restraining Order.

6.     This Temporary Restraining Order shall remain in effect for fourteen (14) days, unless extended by the Court for good cause shown or by consent of the parties.

SO ORDERED.