UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| AFTERSCHOOL FOR CHILDREN AND TEENS NOW (ACT NOW) COALITION and METROPOLITAN FAMILY SERVICES, <br><br> Plaintiff, <br><br> v. <br><br> U.S. DEPARTMENT OF EDUCATION and LINDA McMAHON, in her official capacity as Secretary, U.S. Department of Education, <br><br> Defendants. | No. 25 C 15704 <br><br> Judge Pacold |

## **DEFENDANTS' MEMORANDUM IN SUPPORT OF MOTION TO DISMISS**

### Introduction

Plaintiff Act Now is a statewide organization involved in afterschool, community, and youth-development programs. Plaintiff Metropolitan Family Services is a non-profit that serves as Act Now's fiscal sponsor. In December 2025, the Department of Education non-continued two grants previously awarded to plaintiffs after concluding that the grants were inconsistent with the best interests of the federal government. Plaintiffs filed this action to reinstate the grants, invoking the APA and the Constitution as the basis for relief. But plaintiffs are actually asserting disguised contract claims, and the court lacks jurisdiction because under the Tucker Act, such actions must be brought in the Court of Federal Claims. 28 U.S.C. § 1491(a)(1). Under the Little Tucker Act, 28 U.S.C. § 1346(a)(2), district courts "shall not have jurisdiction of any civil action or claim against the United States founded upon any express or implied contract" seeking over $10,000. The court should dismiss the complaint under Fed. R. Civ. P. 12(b)(1) for lack of jurisdiction.

**Background**

The Department's Office of Elementary and Secondary Education ("OESE") issued a Notice Inviting Applications ("NIA") on June 7, 2023 to solicit new applications for the Full-Service Community Schools ("FSCS") program. *Applications for New Awards*, 88 FR 3722 2 (June 7, 2023). FSCS is a discretionary grant program that aims to support the development and expansion of community schools that provide comprehensive academic, social, and health services to students and families through coordinated local partnerships. Dkt. 1 at ¶ 22. The Department administers the FSCS program and the Secretary of Education awards grants on a competitive basis to eligible entities. Dkt. 1 at ¶¶ 20, 23. Once awarded, the grant obligates both the Department and the grantee to comply with the terms and conditions of the award, including the approved project design, scope, objectives, performance measures, and budget. Dkt. 1 at ¶ 26.

Grants awarded over multiple years are funded for an initial budget period and are subsequently considered for continuation awards during the remainder of the project period. Dkt. 1 at ¶ 17. Continuation awards are issued only if the grantee continues to meet multiple, specific regulatory requirements concerning grant performance, financial reporting, continued eligibility, and financial and administrative management requirements. Dkt. 1 at ¶ 27. To receive continued funding, the Secretary also must determine that continuing the project is "in the best interest of the Federal Government." Dkt. 1 at ¶ 27.

In 2023, the Department of Education awarded ACT Now two discretionary FSCS grants through its fiscal sponsor, Metropolitan Family Services ("MFS"). Dkt. 1 at ¶ 30. Both grants were awarded on a multi-year project period beginning in January 2024. Dkt. 1 at ¶ 27. The notice was explicit that for multi-year awards, funding for future years was not guaranteed and would depend upon the Secretary of Education's decision to make a "continuation award." 88 FR at

2

37237. The Department funded the grants for an initial budget period in 2024 and issued a continuation award for 2025. Dkt. 1 at ¶¶ 34-5. However, the Department issued Notices of Non-Continuation in December 2025, non-continuing both FSCS grant awards and denying future funding after concluding that the grants were inconsistent with, and failed to effectuate, the best interests of the United States and cited specific information from each grant. Dkt. 1 at ¶ 36. Plaintiffs were given the opportunity to seek reconsideration of the non-continuation. Plaintiffs sought reconsideration of the non-continuation decisions, and the Department denied each of those requests on December 29, 2025. Dkt. 1 at ¶ 37-8.

Plaintiffs filed this action, seeking declaratory and injunctive relief to vacate the Department of Education's notices of non-continuation, to compel the Department to reinstate the grant funds, and to enjoin the Department "from denying continuation funding" further. Dkt. 1 at 25-6.

## Legal Standard

A district court should dismiss claims under rule 12(b)(1) when it lacks subject-matter jurisdiction to decide them. That includes where, as here, the federal government has not waived its sovereign immunity for the types of claims at issue. *United States v. Mottaz*, 476 U.S. 834, 841 (1986); *Sims v. Senior Income Reverse Mortg. Corp.*, No. 00 C 50431, 2002 WL 424351, at *2 (N.D. Ill. Mar. 18, 2002). In deciding a motion under rule 12(b)(1), the court must "accept as true all well-pleaded factual allegations and draw all reasonable inferences in favor of the plaintiff." *Evers v. Astrue*, 536 F.3d 651, 656 (7th Cir. 2008) (citation omitted). "In all cases, the party asserting federal jurisdiction has the burden of proof to show that jurisdiction is proper." *Travelers Prop. Cas. v. Good*, 689 F.3d 714, 722 (7th Cir. 2012) (citing *McNutt v. Gen. Motors Acceptance Corp.*, 289 U.S. 178, 189 (1936)).

**Argument**

This court lacks jurisdiction over what is essentially a contract claim. Congress has vested the Court of Federal Claims with exclusive jurisdiction over challenges about federal grant and contract funding through the Tucker Act. *Dep't of Educ. v. California*, 145 S.Ct. 966 (Apr. 4, 2025). The Tucker Act vests exclusive jurisdiction in the Court of Federal Claims over claims alleging breach of express or implied contracts seeking over $10,000, 28 U.S.C. §§ 1491(a), 1346(a)(2), "unless such jurisdiction was explicitly withheld or withdrawn by statute." *Slattery v. United States*, 635 F.3d 1298, 1321 (Fed. Cir. 2011) (*en banc*); *see Hammer v. United States,* 989 F.3d 1, 2 (D.C. Cir. 2021). Regardless of how a claim is styled, this court lacks jurisdiction if it "is in 'its essence' contractual." *Perry Capital LLC v. Mnuchin*, 864 F.3d 591, 603 (D.C. Cir. 2017) (quoting *Megapulse, Inc. v. Lewis*, 672 F.2d 959, 968 (D.C. Cir. 1982)).

To determine whether a claim is in essence a contract action subject to the exclusive jurisdiction of the Tucker Act, federal courts look at "the source of the rights upon which the plaintiff bases its claims" and "the type of relief sought (or appropriate)." *Greenleaf Ltd. P'ship v. Illinois Hous. Dev. Auth.*, No. 08 C 2480, 2009 WL 449100, at *5 (N.D. Ill. Feb. 23, 2009) (citing *Megapulse, Inc. v. Lewis*, 672 F.2d 959, 968 (D.C. Cir. 1982)). Here, both factors point to this case being "in its essence contractual."

*First*, plaintiffs seek to enforce contractual rights. The grant agreements, and indeed all conditional grant awards, are contracts.[1] *See Bennett v. New Jersey*, 470 U.S. 632, 638 (1985) (noting that "many . . . federal grant programs" are "much in the nature of a contract") (citation and internal quotation marks omitted); *see also Columbus Regional Hosp v. United States*, 990

---

[1] Plaintiffs appear to concede that the grant agreements are contractual in nature. *See* Dkt. 1 ¶ 26 ("Once awarded, the grant obligates both the Department and the grantee to comply with the terms and conditions of the award….").

4

F.3d 1330, 1338 (Fed. Cir. 2021) ("[W]e have followed our predecessor court in treating federal grant agreements as contracts when the standard conditions for a contract are satisfied, including that the federal entity agrees to be bound."). Plaintiffs' core complaint—that the Department improperly non-continued the grant agreements—plainly arises from those written agreements. Grant Award Notification, U.S. Dep't of Ed., No. S215J230147 to Metropolitan Family Services (Nov. 28, 2023) (Ex. A); Grant Award Notification, U.S. Dep't of Ed., No. S215J230149 to Metropolitan Family Services (Nov. 28, 2023) (Ex. B). In fact, "it is likely that no cause of action would exist at all," in the absence of the contracts. *Up State Fed. Credit Union v. Walker*, 198 F.3d 372, 377 (2d Cir. 1999) (citation omitted). That plaintiffs' claims could not "exist[] prior to and apart from rights created under the [agreements]" weighs sharply against district court jurisdiction. *Spectrum Leasing Corp. v. United States*, 764 F.2d 891, 894 (D.C. Cir. 1985).

*Second*, plaintiffs' complaint seeks contractual remedies, namely specific performance. Plaintiffs ask the court to unwind the Department's grant terminations, reinstate funding under those agreements, and enjoin the Department from denying continuation funding moving forward. Dkt. 1 at 26. Plaintiffs' entire lawsuit rests on their claim that ACT Now is entitled to funds under the grant agreements, in other words, under the *contract*. *See Up State Fed. Credit Union v. Walker*, 198 F.3d 372, 377 (2d Cir. 1999) (finding no jurisdiction where the relief requested "would be analogous to a contractual remedy for specific performance because it would enforce an alleged agreement between the parties").

The Supreme Court reiterated the preclusive scope of the Tucker Act. Last April, the Supreme Court stayed a district court order to make payments based on grants because the federal government was "likely to succeed in showing the District Court lacked jurisdiction" to bar termination of various education-related grants because the injunction was effectively an order

5

"to enforce a contractual obligation to pay money." *Dep't of Educ. v. California*, 604 U.S. 650, 651 (2025) (citation omitted). In August, the Supreme Court stayed a judgment vacating the federal government's termination of grants because the APA's limited waiver does not provide district courts with jurisdiction "to order relief designed to enforce any 'obligation to pay money' pursuant to those grants." *NIH v. Am. Pub. Health Ass'n*, 145 S. Ct. 2658 (Mem.) (2025) ("*NIH*") (citation omitted).

This court should dismiss plaintiffs' grant-based claims for lack of jurisdiction, which would be consistent with what other courts have done in similar cases involving government grants or contracts in accordance with the Supreme Court's reasoning in both *Department of Education* and *NIH*. *See, e.g.*, *Massachusetts Fair Hous. Ctr. v. Dep't of Hous. & Urb. Dev.,* No. CV 25-30041-RGS, 2025 WL 1225481 (D. Mass. Apr. 14, 2025) ("Because plaintiffs assert essentially the same claim here [as in *Department of Education v. California*] — that the agency did not terminate the grant in accordance with statutory or regulatory authority — it follows that plaintiffs are likewise likely seeking to enforce a contractual obligation to pay money."); *Sustainability Inst. v. Trump,* No. 25-1575, 2025 WL 1587100, at *1 (4th Cir. June 5, 2025) (finding the government was "likely to succeed" in showing that the district court lacked subject matter jurisdiction where plaintiffs "assert similar claims" as in *Department of Education v. California*); *Vera Inst. of Just. v. U.S. Dep't of Just.,* 805 F. Supp. 3d 12, 28 (D.D.C. 2025) (finding that the plaintiffs' arbitrary and capricious claims "appear[] in all material respects identical" to that of *Department of Education v. California* and dismissing for lack of jurisdiction); *U.S. Conf. of Cath. Bishops v. U.S. Dep't of State*, 770 F. Supp. 3d 155, 163 (D.D.C. 2025) (denying TRO after concluding that the court lacked the authority to "order the Government to pay money due on a contract"), *dismissed,* 2025 WL 1350103 (D.C. Cir. May 2, 2025)*; Solutions in Hometown Connections v.*

*Noem*, No. 25-cv-885, 2025 WL 1103253, at *8-*10 (D. Md. Apr. 14, 2025) (denying plaintiffs' TRO motion challenging the termination of certain U.S. Citizenship and Immigration Services grants and concluding that plaintiffs' APA claims were "in essence contract claims against the United States for which the . . . Court of Federal Claims has exclusive jurisdiction"); *Bd. of Educ. for Silver Consol. Schs. v. McMahon*, 791 F. Supp. 3d 1272, 1284 (D.N.M. 2025) ("The ruling in *Department of Education* controls."); *but see Washington v. U.S. Dep't of Educ.*, No. 25-cv-1228, 2025 WL 2966255 (W.D. Wash. Oct. 21, 2025), *aff'd*, 161 F.4th 1136 (9th Cir. 2025); *Council for Opportunity in Educ. v. U.S. Dep't of Educ.*, No. 25-cv-3491, 2026 WL 120984 (D.D.C. Jan. 16, 2026).

At bottom, by seeking an injunction to restore payments pursuant to the terms of a contract with the United States, plaintiffs "want[] the Government to keep paying up." *United States Conf. of Cath. Bishops v. U.S. Dep't of State*, 770 F. Supp. 3d 155, 163 (D.D.C. 2025), *dismissed.,* No. 25-5066, 2025 WL 1350103 (D.C. Cir. May 2, 2025). Granting plaintiffs' request would amount to an order to "enforce [the Government's] contractual obligation to pay money" and therefore falls within the exclusive jurisdiction of the Court of Federal Claims. *California*, 145 S. Ct. at 968 (citation omitted). This court lacks jurisdiction.

## Conclusion

The court should dismiss the complaint for lack of subject-matter jurisdiction.

7

Respectfully submitted,

ANDREW S. BOUTROS
United States Attorney

By: s/ Thomas Cull
    Thomas M. Cull
    Patrick Johnson
    Assistant United States Attorneys
    219 South Dearborn Street
    Chicago, Illinois 60604
    (312) 886-4190
    (312) 353-5312
    thomas.cull@usdoj.gov
    patrick.johnson2@usdoj.gov