UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| AFTERSCHOOL FOR CHILDREN AND TEENS NOW (ACT NOW) COALITION and METROPOLITAN FAMILY SERVICES, | ) ) ) ) ) | |
| Plaintiff, | ) ) | No. 25 C 15704 |
| v. | ) ) | Judge Pacold |
| U.S. DEPARTMENT OF EDUCATION and LINDA McMAHON, in her official capacity as Secretary, U.S. Department of Education, | ) ) ) ) ) | |
| Defendants. | ) | |

**DEFENDANTS' RESPONSE TO ACT NOW'S SUPPLEMENTAL MEMORANDUM**

ACT Now's supplemental memorandum of law re-raises an argument from its response to the defendants' motion to dismiss—grant terminations are different from grant non-continuations. Dkt. 37-1 at 4; Dkt. 30 at 5-6. Enjoining the defendants from non-continuing the grants would not automatically result in payment of funds and, therefore, ACT Now argues, this case falls outside the ambit of the Tucker Act. Dkt. 37-1 at 4.

There can be no dispute that ACT Now's claims would belong in the Court of Federal Claims if the defendants issued grant termination notices in December 2025, consistent with *Department of Education v. California*, *NIH v. Am. Pub. Health Ass'n*, and this court's decision in *City of Chicago v. United States Dep't of Homeland Sec.*[1] But ACT Now insists that the outcome must be different here because the Department ended the grants by sending a notice of non-

---

[1] *Department of Education v. California*, 604 U.S. 650 (2025); *NIH v. Am. Pub. Health Ass'n*, 145 S. Ct. 2658 (Mem.) (2025); *City of Chicago v. United States Dep't of Homeland Sec.*, No. 25 C 5463, 2025 WL 3043528 (N.D. Ill. Oct. 31, 2025).

continuation instead (*i.e.*, terminating the grants with a wind-down period instead of an immediate cancellation).[2] Dkt 37-1 at 4. Although there are certain regulatory and procedural differences between grant terminations and non-continuations, those differences are irrelevant for this motion to dismiss. Stated differently, the defendants' choice between grant termination and non-continuation does not dictate which court has jurisdiction over plaintiff's claims. *See Bd. of Educ. for Silver Consol. Schs. v. McMahon*, 791 F. Supp. 3d 1272, 1285 (D.N.M. 2025) (concluding that the plaintiff's challenge to the defendants' non-continuation decision triggered the Tucker Act and the Supreme Court's "ruling in *Department of Education* controls").

Finally, insofar as the plaintiffs ask the court to conduct an independent analysis under *Megapulse* for each claim in the complaint to save certain causes of action from dismissal, Judge Kennelly expressly rejected that approach in *City of Chicago v. Dep't of Homeland Security*. The court need not distinguish between the remedies sought for each cause of action. The "clear focus of *NIH, California, Bowen*, and *Great-West* is with the ultimate remedy that will flow from a claim." *City of Chicago v. United States Dep't of Homeland Sec.,* No. 25 C 5463, 2025 WL 3043528, at \*18 (N.D. Ill. Oct. 31, 2025). "On that front," the court held that plaintiffs' constitutional and ultra vires claims are indistinguishable from the APA claims involved in *NIH* and *California*." *Id*. The same is true here.

---

[2] ACT Now also emphasizes that the pivotal inquiry is whether plaintiffs seek to reinstate an active contract and to automatically restore a payment obligation, citing to *City of Chicago v. Dep't of Justice* and *City of Chicago v. Noem*. Dkt. 37-1 at 3 (citing *City of Chicago v. U.S. Dep't of Just*., No. 25-13863, 2026 WL 114294 (N.D. Ill. Jan. 15, 2026) and *City of Chicago v. Noem,* No. 25-12765, 2025 WL 3251222 (N.D. Il. Jan. 23, 2026)). However, neither of these cases involved grant terminations or non-continuations. Plaintiffs in those cases did not seek an order to restore a payment obligation either. Instead, these cases involved challenges to the government's conditions to future grants that had not been awarded.

Respectfully submitted,

ANDREW S. BOUTROS
United States Attorney

By: *s/ Thomas Cull*
    Thomas M. Cull
    Patrick Johnson
    Assistant United States Attorneys
    219 South Dearborn Street
    Chicago, Illinois 60604
    (312) 886-4190
    (312) 353-5312
    thomas.cull@usdoj.gov
    patrick.johnson2@usdoj.gov