# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

|  |  |
|---|---|
| AFTERSCHOOL FOR CHILDREN AND TEENS NOW (ACT NOW) COALITION and METROPOLITAN FAMILY SERVICES, <br><br> *Plaintiffs*, <br><br> v. <br><br> U.S. DEPARTMENT OF EDUCATION and LINDA McMAHON, in her official capacity as Secretary, U.S. Department of Education, <br><br> *Defendants*. | Case No. 1:25-cv-15704 <br><br> Hon. Martha M. Pacold |

## PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION

Plaintiffs, by and through their undersigned counsel, hereby move the Court for a Preliminary Injunction under Federal Rule of Civil Procedure 65(a). In support of this motion, Plaintiffs state as follows:

1. Plaintiff Afterschool for Children and Teens Now Coalition ("ACT Now") administers two Full-Service Community School ("FSCS") grants in Illinois. Plaintiff Metropolitan Family Services, ACT Now's fiscal sponsor, applied for and obtained the grants on ACT Now's behalf.

2. In December 2025, after the second year of the five-year grant period, defendant Department of Education (the "Department") sent Notices of Non-Continuation for both of Plaintiffs' FSCS grants. The only reason given for the Department's action was that Plaintiffs' grant applications contained statements regarding diversity, equity and inclusion ("DEI") that the current administration found objectionable. The Department's action in discontinuing the grants

was unlawful under the Administrative Procedures Act and the U.S. Constitution, as alleged in Plaintiffs' Complaint.

3. This Court has jurisdiction to provide the relief requested by Plaintiffs. *See* Dkt. 30 and Dkt. 37-1.

4. Plaintiffs are entitled to preliminary injunctive relief under Rule 65(a) to return the parties to their positions prior to the Department's unlawful non-continuations and to prevent further irreparable harm:

(a) First, Plaintiffs are likely to succeed on the merits. The law does not allow the Department to discontinue grants because it now disfavors their application language regarding DEI. Therefore, the non-continuations are unlawful and Plaintiffs are likely to prevail.

(b) Second, without this relief, ACT Now and the children they serve will suffer irreparable harm. As discussed in detail in Plaintiffs' memorandum in support, ACT Now will be forced to cease operations, fire staff, and shutter what remains of their programs; the infrastructure that ACT Now built over the last two years will collapse; Illinois schools, who are barred from contracting with Plaintiffs while the non-continuations remain in effect, will end partnerships with ACT Now and lay off or terminate community-school staff; and 19,000 kids will permanently lose vital services keeping them safe, healthy, and focused on school. These injuries cannot be remedied by awarding damages.

(c) The equities and the public interest weigh entirely in favor of preliminary relief. Thousands of students rely on ACT Now's services—services Congress deemed in the public interest when it created the FSCS program. The

Department suffers no harm from being enjoined, while this court considers the merits, from enforcing actions that threaten ACT Now with imminent collapse.

For these reasons, and the reasons set forth in Plaintiffs' Memorandum in Support of Motion for Preliminary Injunction, filed contemporaneously herewith, Plaintiffs respectfully request that the Court enter an order:

(1) Preliminarily enjoining Defendants from enforcing the Notices of Non-Continuation of Plaintiffs' Full-Service Community Schools grants and restoring Plaintiffs to active grantee status as of December 31, 2025; and

(2) Preliminarily enjoining Defendants from non-continuing Plaintiffs' grants pending a final determination of Plaintiffs' claims on the merits.

This motion is based upon all of the records, files, and proceedings herein, as well as the legal memoranda, affidavits, exhibits, and arguments of counsel.

Dated: April 30, 2026

/s/ *Jocelyn Skinner*

Jocelyn (Josie) E. Skinner (*pro hac vice*)
Emily K. Merolli (*pro hac vice*)
SLIGO LAW GROUP, PLLC
1717 K St. NW, Suite 900
Washington, DC 20006
Telephone: (202) 888-2084
josie@sligolawgroup.com
emily@sligolawgroup.com

Respectfully submitted,

/s/ *Aneel Chablani*

Aneel L. Chablani (No. 6242658)
Beatriz A. Diaz-Pollack (No. 6274809)
Michael R. Ortega (No. 6339469)
CHICAGO LAWYERS' COMMITTEE
FOR CIVIL RIGHTS
25 E. Washington St., Suite 1300
Chicago, IL 60602
Telephone: (312) 630-9744
Facsimile: (312) 630-1127
achablani@clccrul.org
bdiaz-pollack@clccrul.org
mortega@clccrul.org

/s/ *Scott C. Solberg*

Scott C. Solberg (No. 6204487)
Alec Solotorovsky (No. 6297666)
Elizabeth M. Hady (No. 6316542)
EIMER STAHL LLP
224 S. Michigan Ave., Suite 1100
Chicago, IL 60604
Telephone: (312) 660-7600
Facsimile: (312) 692-1718
ssolberg@eimerstahl.com
asolotorovsky@eimerstahl.com
ehady@eimerstahl.com

*Attorneys for Plaintiffs*
*Afterschool for Children and Teens*
*Now (ACT Now) Coalition and*
*Metropolitan Family Services*