UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

AFTERSCHOOL FOR CHILDREN
AND TEENS NOW (ACT NOW)
COALITION and METROPOLITAN
FAMILY SERVICES,

     Plaintiffs,

   v.

U.S. DEPARTMENT OF EDUCATION
and LINDA McMAHON, in her official
capacity as Secretary, U.S. Department
of Education,

     Defendants.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

No. 25 C 15704

Judge Pacold

**DEFENDANTS' RESPONSE TO
PLAINTIFFS' NOTICE OF SUPPLEMENTAL AUTHORITY**

Defendants submit this response to plaintiff's Notice of Supplemental Authority ("Notice"). The United States District Court for the District of Columbia's June 12, 2026, decision in *Brighton Park Neighborhood Council, et al. v. McMahon*, 2026 WL 1707623, No. 25-cv-4523 (D.D.C. June 12, 2026), is not controlling and does not warrant any modification to the court's analysis or disposition of defendants' pending motion to dismiss.

As plaintiffs' Notice reflects, the *Brighton Park* decision relied heavily on the Supreme Court's decision in *Bowen v. Massachusetts*, 487 U.S. 879 (1988). In analyzing *Bowen*, the D.C. District Court explained that the "Supreme Court held that the action fell under the APA because it was one for specific relief 'seeking to enforce the statutory mandate itself, which happens to be one for the payment of money.'" *Brighton Park Neighborhood Council*, 2026 WL 1707623 at \*10 (citing *Bowen v. Massachusetts*, 487 U.S. at 900). While *Bowen* involved a challenge to enforce various provisions of the Medicaid Act that provided that the Secretary "shall pay" certain amounts

for appropriate Medicaid Services, here there is no money mandating statute to enforce. The only money-mandating source entitling plaintiff to funds are the contracts (the grant agreements) themselves.

The Supreme Court's recent decisions in *National Institutes of Health v. American Public Health Ass'n*, 145 S. Ct. 26 (2025) ("NIH"), and *Department of Education v. California*, 604 U.S. 650 (2025), more closely governs the jurisdictional analysis in this case. In both *NIH* and *California*, the Supreme Court held that plaintiffs' challenges to grant terminations belong in the Court of Federal Claims under the Tucker Act, rather than in federal district court. The same is true here. What Plaintiffs ultimately seek is the payment of grant funds, despite the Supreme Court ruling that the APA's limited waiver does not provide district courts with jurisdiction "to order relief designed to enforce any 'obligation to pay money' pursuant to those grants." *NIH v. Am. Pub. Health Ass'n*, 145 S. Ct. 2658. Plaintiffs' challenged grant non-continuations fall within the exclusive jurisdiction of the Court of Federal Claims.

<div style="margin-left:50%">

Respectfully Submitted,

ANDREW S. BOUTROS
United States Attorney

By: s/ Thomas Cull
    THOMAS CULL
    PATRICK JOHNSON
    Assistant United States Attorney
    219 South Dearborn Street
    Chicago, Illinois 60604
    (312) 886-4190
    (312) 371-5286
    thomas.cull@usdoj.gov
    patrick.johnson2@usdoj.gov

*Counsel for Defendants*

</div>