**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| AFTERSCHOOL FOR CHILDREN AND TEENS NOW (ACT NOW) COALITION and METROPOLITAN FAMILY SERVICES, | |
| Plaintiffs, | Case No. 25-cv-15704 |
| v. | |
| U.S. DEPARTMENT OF EDUCATION and LINDA MCMAHON, in her official capacity as Secretary, U.S. Department of Education, | Hon. Martha M. Pacold |
| Defendants. | |

**JOINT STATUS REPORT**

Pursuant to the Court's minute order entered July 17, 2026 [Dkt. 72] and Federal Rule of Civil Procedure 26(f), the parties respectfully submit this Joint Status Report as follows:

1. **Nature of the Case:**

**A. Attorneys of Record**

*Attorneys for Plaintiffs Afterschool for Children and Teens (ACT) Now Coalition and Metropolitan Family Services*

Aneel L. Chablani
Michael R. Ortega
CHICAGO LAWYERS' COMMITTEE FOR CIVIL RIGHTS
25 E. Washington St., Suite 1300
Chicago, IL 60602
Telephone: (212) 630-9744
achablani@clccrul.org
mortega@clccrul.org

Jocelyn (Josie) E. Skinner
Emily K. Merolli
SLIGO LAW GROUP, PLLC
Washington, DC 20006

Telephone: (202) 888-2084
josie@sligolawgroup.com
emily@sligolawgroup.com

Scott C. Solberg
Alec Solotorovsky
Elizabeth M. Hady
EIMER STAHL LLP
224 S. Michigan Ave., Suite 1100
Chicago, IL 60604
Telephone: (312) 660-7600
ssolberg@eimerstahl.com
asolotorovsky@eimerstahl.com
ehady@eimerstahl.com

*Attorneys for Defendants U.S. Department of Education and Linda McMahon*

Patrick Johnson
Thomas M. Cull
Assistant United States Attorneys
219 South Dearborn Street
Chicago, IL 60604
(312) 886-4190
(312) 353-5312
patrick.johnson2@usdoj.gov
thomas.cull@usdoj.gov

**B. Nature of the Claims Asserted in the Complaint**

Plaintiff Afterschool for Children and Teens Now Coalition ("ACT Now") and Metropolitan Family Services (the "Plaintiffs") were awarded two Full Service Community School ("FSCS") grants in 2023, which fund support services for children in high-poverty communities. In December 2025, after the second year of the five-year grant period, the U.S. Department of Education (the "Defendants") issued Notices of Non-Continuation for both of Plaintiffs' FSCS grants because continuing the grants "is not in the best interest of the Federal Government." Plaintiffs filed an eight-count complaint against the Department and Linda McMahon, in her official capacity as Secretary of the Department (the "Defendants"), alleging that the Defendants' non-continuation of their FSCS grants violated the Administrative

Procedure Act and the United States Constitution. No counterclaims, third-party claims, or affirmative defenses have been asserted to date.

**C. Major Legal and Factual Issues in the Case**

There are two major legal issues in dispute: (1) whether Plaintiffs' claims fall within the exclusive jurisdiction of the Court of Federal Claims pursuant to the Tucker Act; and (2) whether the Notices violate the APA or Constitution. Both issues have been comprehensively addressed in the parties' briefing and argument on Defendants' Motion to Dismiss [Dkt. 28] and Plaintiffs' Motion for Preliminary Injunction [Dkt. 46], respectively.

As for disputed issues of fact, Defendants have not yet answered, and discovery has been stayed [Dkt. 72], so the precise contours of facts in dispute is yet to be determined. However, it is Plaintiffs' position that critical factual issues require discovery to determine whether the stated "best interest" rationale is a neutral, viewpoint-independent judgment about program design, or whether it is a pretext for penalizing grantees based on the viewpoint reflected in "equity," "DEI," or "racial justice" language in their materials. Plaintiffs' discovery requests would include such requests as: internal Department communications implementing the February 2025 Directive on Department Grant Priorities and Executive Orders 1415 and 14332, particularly any guidance, checklists, or keyword-search criteria used to flag grant applications containing terms like "DEI," "equity," "racial justice," or "gender and sexuality;" communications specific to ACT Now's file, such as who reviewed the application, when, and what analysis (if any) was done of its current programming and performance; comparator communications regarding the other grantees who received the same notices in December 2025 to show whether the Department's decision reflects an individualized, program-specific judgment or a government-wide sweep targeting particular language regardless of actual grant activities; evidence of the role of the so-called Department of

Government Efficiency (DOGE) in identifying grantees for non-continuation; and information about the Department's past practice and whether Defendants' actions are consistent with past practice.

**D. Relief Sought by Plaintiffs**

Plaintiffs seek the following injunctive relief in their Complaint [Dkt. 1]:

(1) enjoining Defendants from enforcing the Notices of Non-Continuation of Plaintiffs' Full-Service Community Schools grants and reinstating Plaintiffs to active grantee status;

(2) enjoining Defendants from non-continuing or terminating Plaintiffs' grants on unlawful bases and requiring Defendants to evaluate continuation of Plaintiffs' grants on lawful standards;

(3) enjoining Defendants from obligating, reallocating, or otherwise committing currently available Full-Service Community Schools funds such that the Defendants would be unable to consider Plaintiffs for future continuation awards under lawful standards; and

(4) such other relief as the Court finds appropriate.

**2. Jurisdiction**

Plaintiffs' Complaint [Dkt. 1] asserts that the Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331. Defendants moved to dismiss for lack of jurisdiction [Dkt. 28] and, as discussed in Section 5 below, the Court granted that motion with respect to all but Plaintiffs' First Amendment claims found at Counts VII and VIII [Dkt. 59].

**3. Status of Service**

All Defendants have been properly served.

**4. Consent to Proceed Before a United States Magistrate**

The Parties have not consented to proceed before a Magistrate.

**5. Motions**

Motion to Dismiss: By order dated June 26, 2026 [Dkt. 60], the Court granted Defendants' motion to dismiss [Dkt. 28] as to Counts I through VI of the Complaint for lack of jurisdiction. The Court continued the motion and deferred final ruling on whether it had jurisdiction over Counts VII and VIII seeking relief under the First Amendment. The Court has entered a schedule for supplemental briefing of the remaining issue [Dkt. 72] and has also specifically directed the parties to address "the applicability of the so-called 'Griggs principle' and whether , in light of the pending appeal, the court has the authority to resolve the pending motion to dismiss." [Dkt. 73] Defendants' supplemental brief is due by August 19, 2026; Plaintiffs' response, if any, is due by September 10, 2026; and Defendants' reply, if any, is due by September 24, 2026. [Dkt. 72]

Motion for Preliminary Injunction: By order dated June 26, 2026 [Dkt. 62], the Court denied Plaintiffs' motion for a preliminary injunction [Dkt. 46] as to Counts VII and VIII. Plaintiffs filed a notice of appeal [Dkt. 66] to the U.S. Court of Appeals for the Seventh Circuit and that Court has set an expedited briefing schedule for the appeal. Plaintiffs' Complaint for a permanent injunction on Counts VII and VIII remains before this Court. The Court has stayed further proceedings on the merits of the First Amendment claims pending final resolution of the motion to dismiss (discussed above). [Dkt. 72]

**6. Discovery**

By order dated July 17, 2026 [Dkt. 72], the Court stayed discovery pending resolution of the motion to dismiss [Dkt. 28].

**7. Status of Settlement Discussions**

The parties have discussed the possibility of settlement, but at this time they do not request a settlement conference.

Dated: July 28, 2026

Respectfully submitted,

*/s Jocelyn Skinner*
Jocelyn (Josie) E. Skinner (*pro hac vice*)
Emily K. Merolli (*pro hac vice*)
SLIGO LAW GROUP, PLLC
Washington, DC 20006
Telephone: (202) 888-2084
josie@sligolawgroup.com
emily@sligolawgroup.com

*/s Aneel Chablani*
Aneel L. Chablani (No. 6242658)
Michael R. Ortega (No. 6339469)
CHICAGO LAWYERS' COMMITTEE FOR CIVIL RIGHTS
25 E. Washington St., Suite 1300
Chicago, IL 60602
Telephone: (212) 630-9744
Fax: (312) 630-1127
achablani@clccrul.org
mortega@clccrul.org

*/s Scott Solberg*
Scott C. Solberg (No. 6204487)
Alec Solotorovsky (No. 6297666)
Elizabeth M. Hady (No. 6316542)
EIMER STAHL LLP
224 S. Michigan Ave., Suite 1100
Chicago, IL 60604
Telephone: (312) 660-7600
Fax: (312) 692-1718
ssolberg@eimerstahl.com
asolotorovsky@eimerstahl.com
ehady@eimerstahl.com

*Attorneys for Plaintiffs Afterschool for Children and Teens (ACT) Now Coalition and Metropolitan Family Services*

*/s Patrick Johnson*
Patrick Johnson
Thomas M. Cull
Assistant United States Attorneys
219 South Dearborn Street
Chicago, IL 60604
(312) 886-4190
(312) 353-5312
patrick.johnson2@usdoj.gov
thomas.cull@usdoj.gov

*Attorneys for Defendants U.S. Department of Education and Linda McMahon*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the attached notice was served on all counsel of record on this 28th day of July, 2026 via the Court's ECF system.

*/s Scott Solberg*
Scott C. Solberg