UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| AFTERSCHOOL FOR CHILDREN AND TEENS NOW (ACT NOW) COALITION and METROPOLITAN FAMILY SERVICES, | ) | |
| Plaintiffs, | ) | No. 25 C 15704 |
| v. | ) | Judge Pacold |
| U.S. DEPARTMENT OF EDUCATION and LINDA McMAHON, in her official capacity as Secretary, U.S. Department of Education, | ) | |
| Defendants. | ) | |

**DEFENDANTS' SUPPLEMENTAL**
**<u>RESPONSE IN SUPPORT OF THE MOTION TO DISMISS</u>**

In its June 26, 2026 order, this court granted defendants' motion to dismiss counts I-VI of plaintiff's complaint for lack of subject matter jurisdiction, finding that those claims are disguised contract claims that belong in the Court of Federal Claims. While the court left open whether it retains jurisdiction over plaintiff's First Amendment claims in counts VII and VIII, the court posited that such claims were also disguised contract claims. For the reasons stated herein, such claims should be dismissed for lack of jurisdiction.

As the court's order recognizes, Tucker Act jurisprudence is murky under these circumstances—where the plaintiffs assert First Amendment claims to purportedly vindicate constitutional rights while seeking contractual damages. Although the Department of Education is unaware of case law addressing the precise issues identified in the district court's order. Nevertheless, first principles dictate that the plaintiffs' claims are in essence contractual and, as

such, provide a clear framework for dismissing plaintiffs' claim for lack of subject to the jurisdiction.

In determining whether the Tucker Act applies and vests the Court of Federal Claims with exclusive jurisdiction, the district court "retains the power to make rational distinctions between actions sounding genuinely in contract and those based on truly independent legal grounds." *Megapulse, Inc. v. Lewis*, 672 F.2d 959, 969–70 (D.C. Cir. 1982). The operative complaint governs this analysis. *Greenhill v. Spellings*, 482 F.3d 569, 573 (D.C. Cir. 2007) ("Jurisdiction [under the Tucker Act] is determined by looking to the complaint.").

Here, the gravamen of plaintiffs' claims is contractual. First, the "source of the rights upon which the plaintiff bases its claims" are rooted in contract not the Constitution. *See Greenleaf Ltd. P'ship v. Illinois Hous. Dev. Auth.*, No. 08 C 2480, 2009 WL 449100, at *5 (N.D. Ill. Feb. 23, 2009) (citing *Megapulse, Inc. v. Lewis*, 672 F.2d 959, 968 (D.C. Cir. 1982)). Plaintiffs' core complaint—that the Department improperly non-continued the grant agreements—plainly arises from the grant contracts at issue within this litigation. Absent such contracts, Plaintiffs would have no entitlement to continued performance or funding from the Department. Plaintiff's attempt to alter the fundamentally contractual nature of their claims merely by alleging that the Department's decision was motivated by viewpoint discrimination in violation of the First Amendment should be set aside. At bottom, Plaintiff's First Amendment theory attempts to recast contractual claims as constitutional claims in order to obtain relief in district court that properly belongs in the Court of Federal Claims. *See Illinois v. Vought,* 825 F. Supp. 3d 721, 729 (N.D. Ill. 2026) ("Plaintiffs cannot get around the Tucker Act by artful pleading.")

Second, ACT Now seeks contractual remedies. No matter how styled, ACT Now has pleaded eight causes of action seek the same relief: continued funding under the grant agreements

(or, stated differently, an injunction of the non-continuation decision). Dkt. 1. Plaintiffs have insisted throughout this lawsuit that the case presents an existential threat to ACT Now because the organization will be forced to wind down operations and cease to exist if funding is discontinued. Dkt. 1 ¶ 8 ("Absent immediate judicial intervention, Plaintiffs will be forced to dismantle active community school programs mid-school year, terminate staff, sever partnerships . . ."); Dkt. 48 at 1 (same); June 7, 2026 Hearing Tr. at 146:6-8 ("[Harm to the government caused by an injunction] doesn't come anywhere close to outweighing the certain irreparable harm that plaintiffs will face after June 30."). ACT Now presented five witnesses to testify on this point at the hearing on its motion for a preliminary injunction.

In short, ACT Now does not request injunctive relief to protect future speech as much as they seek an order to effectively restore grant funding. *Holley v. United States*, 124 F.3d 1462, 1466 (Fed. Cir. 1997) ("The presence of a constitutional issue does not erase the jurisdiction of the Court of Federal Claims based on a properly brought claim under the Tucker Act, or bar the court from considering the constitutional issue in the course of determining whether the [challenged action] was wrongful."). Moreover, as expressed in the June 26, 2026 order "vacatur of the grant non-continuation decision—even if done on First Amendment grounds—is contractual", (Order at 26), because plaintiffs ultimately seek restoration of grant funding.[1]

Third, as to the rights asserted, although plaintiffs' complaint pleads a First Amendment claim, the complaint fails to plead facts in support of this position. In its June 26, 2026 order, the court concluded that ACT Now has given the court "no reason grounded in the Constitution to

[1] While vacatur will not automatically restore plaintiffs' funding, plaintiffs do not regard their claims as resolved unless the Department's non-continuation decisions themselves are set aside. Indeed, vacatur is predicated on the ultimate relief plaintiff seeks, which is a continuation of their grant funding.

think that Education is prohibited from adopting the view that funding such projects is not within its policy prerogatives and making grant decisions accordingly." Dkt. 62 at 10. This is for good reason. Including a First Amendment claim in its pleading does not save ACT Now from the Tucker Act.[2] Ultimately, the court may not need to resolve this issue because the Department intends to seek dismissal for failure to state a claim shortly. The court should grant the Department's motion and dismiss plaintiffs' First Amendment claims for lack of subject matter jurisdiction.

Respectfully Submitted,

ANDREW S. BOUTROS
United States Attorney

By: s/ Thomas Cull
THOMAS M. CULL
Assistant United States Attorney
219 South Dearborn Street
Chicago, Illinois 60604
(312) 886-4190
thomas.cull@usdoj.gov

[2] The *Griggs* principle does not foreclose this court from dismissing the plaintiffs' claims. *Kilty v. Weyerhaeuser Co.,* 758 F. App'x 530, 533 (7th Cir. 2019). While plaintiffs have appealed this court's preliminary injunction order to the 7th Circuit, that appeal does not strip the district court of all authority over every dimension of the present litigation. The parameters of this court's motion to dismiss are currently at issue and have not been appealed. *See Kusay v. United States,* 62 F.3d 192 (7th Cir. 1995).