UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| AFTERSCHOOL FOR CHILDREN AND TEENS NOW (ACT NOW) COALITION and METROPOLITAN FAMILY SERVICES, | ) | |
| Plaintiffs, | ) | No. 25 C 15704 |
| v. | ) | Judge Pacold |
| U.S. DEPARTMENT OF EDUCATION and LINDA McMAHON, in her official capacity as Secretary, U.S. Department of Education, | ) | |
| Defendants. | ) | |

**MEMORANDUM OF LAW IN SUPPORT OF**
**DEFENDANTS' MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM**

**Introduction**

The Department of Education (the "Department") awarded plaintiffs (together, "ACT Now") two grants under the Full-Service Community Schools program and later elected not to continue those awards because the proposed programming no longer aligned with current policy objectives. That is precisely how discretionary federal grants operate. The First Amendment does not require the government to continue subsidizing programs that no longer serve federal priorities, nor does it prevent the government from reallocating limited federal funds toward initiatives it determines better advance those priorities. Nevertheless, ACT Now seeks to convert the Department's discretionary funding decision into First Amendment constitutional violations. Plaintiffs fail to state a claim for First Amendment retaliation or under the unconstitutional-conditions doctrine.

ACT Now's First Amendment retaliation claim fails because plaintiffs allege no facts that plausibly show that the Department discontinued grant funding "because of" their speech, views, or expression outside the contours of the federal grant program. As explained below, the government acted within its ordinary discretion to allocate federal funds in accordance with current administration priorities. ACT Now's unconstitutional-conditions theory fails because they identify no federal funding condition at all. ACT Now does not allege, for example, that the Department compelled them to endorse any viewpoints, to engage in any speech, or to disavow their values or ideals. Plaintiffs remain free to promote their mission and values but not with federal dollars through these two grants. The court should dismiss ACT Now's First Amendment causes of action for failure to state a claim.

**Factual Background**

ACT Now is a statewide unincorporated Illinois organization that works to expand access to afterschool programming. Dkt. 1 ¶ 12. Metropolitan Family Services is an Illinois nonprofit that holds ACT Now's federal grant awards. *Id.* ¶ 11. In 2023, plaintiffs were awarded two grants under the Full-Service Community Schools (FSCS) program, a discretionary federal grant program that is administered by the Department of Education and authorized by Title IV and governed by the General Education Provisions Act. *Id.* ¶¶ 20-24, 33. The grants awarded plaintiffs approximately $18.5 million annually and were awarded for a five-year project period running from January 1, 2024, to December 31, 2028. *Id.* ¶¶ 19, 34. The Department awarded grant funds only for the initial one-year budget period. *Id.* ¶ 27. Funds for the remainder of the project period were to be provided through continuation awards, which depend on the grantee's compliance with regulatory requirements and obligations. *Id.* ¶ 26.

On December 12, 2025, the Department issued notices of non-continuation for both grants. *Id.* ¶ 36. Each notice stated that the Department would not continue the awards because the grants

reflected prior administration priorities that conflicted with the current administration's policy preferences. *Id.* The Department concluded that the grants were inconsistent with, and no longer effectuated, the best interests of the federal government. *Id.* Plaintiffs sought reconsideration, which, after review, the Department denied. *Id.* ¶¶ 37–38.

Plaintiffs sued the Department of Education and the Secretary, asserting claims under the Administrative Procedure Act and the Constitution. In a June 2026 order, this court dismissed six of ACT Now's causes of action for lack of subject matter jurisdiction under the Tucker Act. Dkt. 60. Only ACT Now's First Amendment claims remain. *Id.* at 28.

**Argument**

The court should dismiss plaintiffs' First Amendment claims under Rule 12(b)(6) for at least three reasons. *First*, plaintiffs fail to plausibly plead a First Amendment retaliation claim consistent with *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Plaintiffs allege no facts to support their assertion that the Department denied grant funding based on ACT Now's viewpoints, beliefs, or protected speech. Instead, ACT Now asks the court to infer that the Department's non-continuation notices were based on plaintiffs' viewpoints rather than on the programming described in their grant applications.

*Second,* the complaint fails to state a First Amendment claim based on the unconstitutional conditions doctrine. ACT Now does not identify any *condition* that the Department of Education imposed on federal funds. This is for good reason. The Department did not impose a condition on future funding to compel or coerce plaintiffs to do anything, adopt any viewpoint, or to disavow any speech. *Third*, even if ACT Now identified a condition on federal funding in the complaint, plaintiffs fail to plausibly allege that any such condition was unlawful. The Department has not sought to regulate *any* conduct or speech outside the contours of the FSCS program. The

Department discontinued future funding based on administration priorities. Such decisions allocating federal funding do not violate ACT Now's First Amendment rights. The court should dismiss.

**I. Count VII Fails to Plausibly Plead a First Amendment Retaliation Claim.**

ACT Now fails to plead a First Amendment retaliation claim consistent with *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). To survive a motion to dismiss, plaintiffs cannot state a claim for relief by pleading facts that are "merely consistent with a defendant's liability." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Rather, to nudge plaintiffs' claims "across the line from conceivable to plausible," plaintiffs must plead facts that, if true, allow the court "to draw the reasonable inference that the defendant is liable for the misconduct alleged," *id.*, and rule out "obvious alternative explanations" for the defendant's conduct. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 567 (2007); *Hikma Pharms. USA Inc. v. Amarin Pharma, Inc.*, 608 U.S. 580, 589-90 (2026) (same).

A claim of retaliation in violation of the First Amendment requires the plaintiff to ultimately show "(1) [the plaintiff] engaged in activity protected by the First Amendment; (2) he suffered a deprivation that would likely deter First Amendment activity in the future; and (3) the First Amendment activity was at least a motivating factor in the Defendants' decision to take the retaliatory action." *Bridges v. Gilbert*, 557 F.3d 541, 546 (7th Cir. 2009) (internal quotation and citation omitted).

In the context of federal funding, the Supreme Court has repeatedly held that the government does not penalize, prohibit, restrict, or otherwise infringe on speech simply because it chooses not to subsidize it. *See, e.g.*, *Ysursa v. Pocatello Educ. Ass'n*, 555 U.S. 353, 358 (2009) (explaining that government "is not required to assist others in funding the expression of particular

ideas"); *United States v. Am. Library Ass'n*, 539 U.S. 194, 212 (2003) (plurality op.) (holding that a "decision not to subsidize the exercise of a fundamental right does not infringe the right") (quoting *Rust*, 500 U.S. at 193); *Leathers v. Medlock*, 499 U.S. 439, 450 (1991) ("[The Government] is not required to subsidize First Amendment rights.").

Here, the complaint alleges that the Department of Education violated ACT Now's First Amendment rights by denying funding for "expressing their mission, values, and commitments in their grant applications." Dkt. 1 ¶ 101. In doing so, plaintiffs claim that the defendants penalized them "not for what they did with federal funds, but for what they said about their beliefs, values, and experience." *Id.* ¶ 105. The complaint fails to allege any facts that would permit the court to infer that the government issued the non-continuation notices *because of* plaintiffs' speech, mission, values, experience or expressive conduct outside of the FSCS program. The non-continuation decisions cited the programming and initiatives that plaintiffs identified in the grant applications that ACT Now submitted to the Department to seek federal funding. Dkt. 3-7. Plaintiffs fail to plead any facts to permit the court to infer that the Department's non-continuation decisions were based on plaintiffs' speech and beliefs generally.

Without more, the complaint fails to rule out "obvious alternative explanations," *Twombly*, 550 U.S. at 567, that the Department's non-continuation decisions were based not on ACT Now's personal beliefs and viewpoints but, instead, because the programming ACT Now identified and offered in their grant applications is inconsistent with administration priorities. *See Rust v. Sullivan*, 500 U.S. 173, 193 (1991) ("The Government can, without violating the Constitution, selectively fund a program to encourage certain activities it believes to be in the public interest . . . . In so doing, the Government has not discriminated on the basis of viewpoint; it has merely chosen to fund one activity to the exclusion of the other."). To find otherwise would transform

non-continuation decisions, generally, into viable First Amendment claims. *Harris v. McRae*, 448 U.S. 297, 317 n.19 (1980) ("A refusal to fund protected activity, without more, cannot be equated with the imposition of a 'penalty' on that activity.").

## II. ACT Now Fails to State a First Amendment Claim Based on the Unconstitutional Conditions Doctrine.

### A. Count VIII Fails to Allege that the Department Imposed a Condition on Federal Funding.

The court should dismiss Count VIII because ACT Now does not, and cannot, identify any condition that the Department of Education imposed on grant funding. The unconstitutional conditions doctrine prevents the government from awarding or withholding a public benefit for the purpose of coercing the beneficiary to give up a constitutional right or to penalize their exercise of a constitutional right. *See Perry v. Sindermann*, 408 U.S. 593, 597 (1972) ("For if the government could deny a benefit to a person because of his constitutionally protected speech or associations, his exercise of those freedoms would in effect be penalized and inhibited."). "Understood at its most basic level, the doctrine aims to prevent the government from achieving indirectly what the Constitution prevents it from achieving directly." *Planned Parenthood of Indiana, Inc. v. Comm'r of Indiana State Dep't Health*, 699 F.3d 962, 986 (7th Cir. 2012). However, the doctrine does not give rise to a constitutional claim in its own right; the condition must actually cause a violation of a substantive First Amendment right. *EklecCo NewCo LLC v. Town of Clarkstown*, No. 16-CV-6492, 2019 WL 2210798, at *12 (S.D.N.Y. May 21, 2019); *see Rumsfeld v. F. for Acad. & Institutional Rts., Inc.*, 547 U.S. 47, 59 (2006) ("It is clear that a funding condition cannot be unconstitutional if it could be constitutionally imposed directly.").

Critically, as the Supreme Court has recognized, "unconstitutional conditions cases involve situations in which the government has placed a condition on the *recipient* of the subsidy rather

than on a particular program or service, thus effectively prohibiting the recipient from engaging in the protected conduct outside the scope of the federally funded program." *Rust v. Sullivan*, 500 U.S. 173, 197 (1991) (emphasis in original). "[T]he entire unconstitutional conditions doctrine . . . rests on the fear that the government may use its control over benefits (like permits) to "coerc[e]" a person into giving up a constitutional right." *Koontz v. St. Johns River Water Mgmt. Dist.*, 570 U.S. 595, 631 (2013) (Kagan, J., dissenting).

Here, ACT Now alleges that the Department illegally "conditioned continuation funding on whether plaintiffs' previously approved applications align with the current Administration's preferred viewpoints."[1] Dkt. 1 ¶ 112. This is not a condition on funding at all. Plaintiffs' allegations merely repackage the Department's non-continuation decision as a purported "condition." The complaint does not allege that the Department required ACT Now to alter its speech, adopt any governmental message or otherwise impose any condition on grant funding that would compel or prohibit the plaintiffs from engaging in any conduct or speech. This includes conduct either within or outside the contours of the FSCS grant program. As explained in the non-continuation notices, Dkt. 3-7, the Department terminated ACT Now's grant funding based on administration priorities and interests. *Maher v. Roe*, 432 U.S. 464, 475 (1977) ("There is a basic difference between direct state interference with a protected activity and state encouragement of an alternative activity consonant with legislative policy."). ACT Now cannot state a claim based on the unconstitutional conditions doctrine without identifying any condition on federal funding.

---

[1] ACT Now also asserts that the government generally violates the First Amendment by "[c]onditioning federal funds on the grantee's agreement not to engage in protected speech even when engaging in activities that are not funded by the federal government." Dkt. 1 ¶ 110. Yet, ACT Now does not allege that the Department conditioned federal funds on plaintiffs' agreement not to engage in any speech or conduct (related to the grant program or otherwise).

### B. Even if ACT Now Could Identify a Condition on Federal Funding, Plaintiffs Fail to Allege that Any Such Condition Unlawfully Exceeded the Contours of the FSCS Grant Program.

Even if plaintiffs could identify a funding condition, the complaint fails to allege that any such condition unlawfully exceeded the contours of the grant program in violation of their First Amendment rights. The Supreme Court has long recognized that the government has wide latitude in making funding decisions and that it may impose conditions on such funding. *See Rust v. Sullivan*, 500 U.S. 173, 193 (1991). "The condition that federal funds will be used only to further the purposes of a grant," for example, "does not violate constitutional rights." *Id.* When the government imposes an unwanted condition on funding, the recipient's usual "recourse is to decline the funds." *Agency for Int'l Dev. v. All. for Open Soc'y Int'l, Inc.*, 570 U.S. 205, 214 (2013). "This remains true when the objection is that a condition may affect the recipient's exercise of its First Amendment rights." *Id.*

Although broad, the government's authority to impose funding conditions is not unlimited. While the government may use conditions on funding to "define the federal program," it may not "reach outside" the program to influence speech. *Id.* at 217. "[F]unding condition[s] can result in an unconstitutional burden on First Amendment rights" when the government goes beyond "defining the limits of the federally funded program" and extends to "leverag[ing] funding to regulate speech outside the contours of the Government spending program itself." *Id.* at 206; *Chicago Women in Trades v. Trump*, 778 F. Supp. 3d 959, 983 (N.D. Ill. 2025); *Id.* at 986. ("The question . . . is whether [the grant termination] reflects a funding decision or an impermissible attempt to regulate.")

For example, limitations on the use of federal funds for a specific purpose (such as promoting or advocating for the legalization or practice of prostitution or sex trafficking) is

constitutionally permissible. *Agency for Int'l Dev.*, 570 U.S. at 217-218 (2013); *Camelot Banquet Rooms, Inc. v. United States Small Bus. Admin.,* 24 F.4th 640, 650 (7th Cir. 2022) (stating that such a condition "posed no First Amendment problem"). Conversely, outright conditioning federal funds on a pledge to a policy "explicitly opposing prostitution or sex trafficking" is not. *Agency for Int'l Dev.*, 570 U.S. at 217-218. The latter amounts to an unconstitutional condition because it regulates speech even on the recipients' "own time and dime." *Agency for Int'l Dev.*, 570 U.S. at 218-19.

Here, the Department did not attempt to regulate the grantee's speech "outside the contours of" the FSCS program. Plaintiffs do not allege that the Department conditioned ACT Now's grant awards on ACT Now's adoption of, or disavowal of, any belief, viewpoint, or organizational commitment identified in their grant application. Nor does ACT Now allege that the government required ACT Now to disavow any ideas or values to receive continued funding. Instead, the Department declined to continue plaintiffs' grants because it did not wish to commit *federal funding* to the after-school programs that plaintiffs offered in their grant applications. The Department's decision to do so does not infringe ACT Now's First Amendment rights. ACT Now remains free to pursue its mission, values, and commitments without federal assistance. *Id.* at 212. Accordingly, even if plaintiffs identified a condition on funding, any such condition would not violate ACT Now's constitutional rights.

## Conclusion

The court should dismiss the complaint for failure to state a claim upon which relief can be granted.

Respectfully Submitted,

ANDREW S. BOUTROS
United States Attorney

By: s/ Thomas M. Cull
THOMAS M. CULL
Assistant United States Attorney
219 South Dearborn Street
Chicago, Illinois 60604
(312) 886-4190
thomas.cull@usdoj.gov